UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KENIN L. EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-01271-SLD-KLM |
| | ) |
| JAMES E. SHADID, | ) |
| | ) |
| Defendant. | ) |

ORDER

Plaintiff Kenin L. Edwards files suit against Defendant Judge James E. Shadid arising out of a criminal case filed against Edwards in the Central District of Illinois, *United States v. Edwards*, No. 1:21-cr-10012 (C.D. Ill.). *See, e.g.*, Compl. 2, ECF No. 1. The matter comes before the Court for screening. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). For the reasons that follow, Edwards's complaint is DISMISSED.

Edwards alleges that when he sought to withdraw from his plea agreement on the basis that Assistant United States Attorney ("AUSA") Tim Bass coerced him into pleading guilty, Judge Shadid refused to grant him an evidentiary hearing, granted the United States' opposing motion to find that he had breached the plea agreement, and took away a reduction under the Sentencing Guidelines for acceptance of responsibility. Compl. 3–4. Edwards alleges that Judge Shadid "concocted a scheme to punish" him "for seeking the truth regarding" AUSA Bass's alleged coercion. *Id.* at 3. After sentencing, Edwards filed a motion to reconsider and a motion to disqualify which alleged that Judge Shadid committed official misconduct. *Id.* at 4. Judge Shadid ruled on the motion, denying Edwards relief and refusing to recuse himself. *Id.* at 5.

Edwards asserts that Judge Shadid, "under the color of law and in clear absence of jurisdiction, deprived [him] of his constitutional rights" including his Fifth and Fourteenth Amendment rights to equal protection and due process of law, his Tenth Amendment right to due process, "the right to fair proceedings," "the right to a disinterested judge," "the right to a judge who has not prejudged the case," and "the right to a judge who does not manufacture a false representation to illegally sentence a party." *Id.* at 6–8.  As relief, Edwards seeks compensatory damages, punitive damages, and injunctive relief.  *Id.* at 8.  The injunctive relief Edwards seeks is "to stay all orders entered by" Judge Shadid including Edwards's judgment of conviction and a finding that he "has the right to withdraw from the plea agreement."  *Id.* at 9.

"[G]enerally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991).[1] "[Judicial immunity] confers complete immunity from suit, not just a mere defense to liability . . . ." *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005).  "[J]udicial immunity is broad," but "it is not limitless." *Kowalski v. Boliker*, 893 F.3d 987, 997 (7th Cir. 2018).  "A judge does not enjoy immunity if he or she is acting in the 'clear absence of all jurisdiction,' rather than simply in 'excess of [the judge's] authority," *id.* (alteration in original) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)), or "for non-judicial acts," *id.* "[T]hree factors generally govern the determination of whether a particular act or omission" is judicial:

> (1) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge; (2) whether the act is normally performed by a judge; and (3) the expectations of the parties, i.e., whether the parties dealt with the judge as judge.

---

[1] The Supreme Court has "not distinguished actions brought under 42 U.S.C. § 1983 against state officials from *Bivens* actions brought against federal officials" for purposes of immunity. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 n.5 (1993); *Johnson v. McCuskey*, 72 F. App'x 475, 476–77 (7th Cir. 2003) (relying on *Antoine* to apply judicial immunity precedents like *Mireles* to two federal judges).

2

*Dawson*, 419 F.3d at 661 (quotation marks omitted).

Here, Judge Shadid is entitled to judicial immunity for the money damages claims against him. Edwards's suit is based on Judge Shadid's judicial acts—denying an evidentiary hearing, ruling on motions, and sentencing Edwards. These are all acts that involve the exercise of discretion normally performed by judges, and the parties only dealt with Judge Shadid in his capacity as a judge. Moreover, Judge Shadid was not acting in clear absence of all jurisdiction. Edwards was charged with criminal violations of three federal statutes, Indictment 6–8, *United States v. Edwards*, No. 1:21-cr-10012 (C.D. Ill. Mar. 16, 2021), ECF No. 1, and federal district courts have original jurisdiction "of all offenses against the laws of the United States," 18 U.S.C. § 3231. Judge Shadid was the judge assigned to hear the case. *Cf. Kowalski*, 893 F.3d at 997 (finding that a judge "acted in the clear absence of jurisdiction" when she "gratuitously inserted herself into a case proceeding before another judge"). Accordingly, Edwards's claims for money damages must be dismissed.

The injunctive relief Edwards seeks is essentially invalidation of his conviction—he seeks a "stay" of the criminal judgment and argues that "[i]njunctive relief will not significantly harm the government in this matter" because "the government may pursue the underlining [sic] case if it so chooses," noting that he "stand[s] ready to hire counsel to proceed to trial if the government proceeds in this matter." Compl. 8–10. Judicial immunity does not bar injunctive relief. *See Pulliam v. Allen*, 466 U.S. 522, 541–43 (1984). However, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Wallace v. Kato*, 549 U.S. 384, 392 (2007) (quotation marks omitted); *see Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (holding that "declaratory and injunctive relief claims [that] challenge the validity of [a] conviction . . . are not cognizable *Bivens* claims"). "Challenges to the validity of

any confinement or to particulars affecting its duration are the province of habeas corpus . . . ." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (holding that this principle "applies just as soundly to federal prisoners filing" *Bivens* claims).

Edwards may not seek invalidation of his criminal conviction via a civil tort suit but must instead seek such relief through habeas corpus proceedings. 28 U.S.C. § 2255 is "the federal prisoner's habeas corpus substitute." *In re Davenport*, 147 F.3d 605, 607 (7th Cir. 1998), *abrogated on other grounds, Jones v. Hendrix*, 599 U.S. 465 (2023). It is the exclusive vehicle for a federal prisoner to challenge the validity of his conviction unless he can show that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Jones*, 599 U.S. at 478 (holding that § 2255(e) permits "recourse to [28 U.S.C. § 2241, the general habeas corpus statute,] in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence"). The Court notes, however, that "[t]he well established general rule is that, absent extraordinary circumstances, [a] district court should not consider § 2255 motions while a direct appeal is pending" because "the disposition of the appeal may render the [§ 2255] motion moot." *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993) (second alteration in original) (quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Plaintiff Kenin Edwards's complaint, ECF No. 1, is DISMISSED without prejudice. The Clerk is directed to enter judgment and close the case.

Entered this 21st day of August, 2024.

s/ Sara Darrow<br>
SARA DARROW

4

                                              _____
                                              CHIEF UNITED STATES DISTRICT JUDGE